**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

Davis Willis Mugimu

    v.                                    Civil No. 24-cv-21-SE-AJ

U.S. Immigration and Customs Enforcement
and Strafford County Department of Corrections
Superintendent Christopher Brackett[1]

**REPORT AND RECOMMENDATION**

Davis Willis Mugimu filed his petition for a writ of habeas corpus under 28 U.S.C. § 2241 (Doc. No. 1), while in the custody of U.S. Immigration and Customs Enforcement ("ICE") at the Strafford County Department of Corrections ("SCDC"). Before the court is the petitioner's request for class action certification under Fed. R. Civ. P. 23, see Doc. No. 1.

**Background**

The petitioner asserts that he has been in ICE detention continuously since March 16, 2023. In that time he has not appeared before an immigration judge to determine if his continued detention is justifiable, or if he may be released on bond or upon other terms of supervision. He asserts that he is unlikely to be removed in the reasonably foreseeable future, and

---

[1] The petitioner's immediate custodian is the Strafford County Department of Corrections Superintendent, who is the proper respondent to this action. See 28 U.S.C. § 2243. The Service Order this date adds that party as a respondent.

that his continued detention violates his Fifth Amendment right to due process and his rights under the Immigration and Nationality Act.  He asks this court to direct that he be released immediately, or that he be presented to an immigration judge for a bond hearing, at which, petitioner argues, the government will bear the burden of establishing by clear and convincing evidence that he is either a danger to the community or a risk of flight.

The petition identifies four ICE detainees at the SCDC who the petition indicates also want or need bond hearings (Jason Medina-Siri, Arthur Zeniutsich, Fleurimond Frantzer, and Delroy McPherson).  The petitioner asks that this action proceed as a class action under Fed. R. Civ. P. 23.


## Discussion

A Rule 23 class action is an action in which "[o]ne or more members of a class" are authorized to sue "as representative parties on behalf of all [class] members."  Fed. R. Civ. P. 23. To qualify as a class action under Rule 23, a case must have the following characteristics:  (1) too many plaintiffs to join through a typical joinder motion ("numerosity"), (2) certain common factual or legal issues shared by each member of the class ("commonality"), (3) a named plaintiff whose claim is typical of the claims of the unnamed plaintiffs ("typicality"), and (4) a

named plaintiff who is an adequate representative of the unnamed plaintiffs' interests ("adequacy"). Fed. R. Civ. P. 23(a); Amchem Prods., Inc. v. Windsor, 521 U.S. 591, 613 (1997). A case cannot proceed as a class action unless it is certified as such by the court. Fed. R. Civ. P. 23(c)(1).

"As a general rule . . . an individual appearing pro se may not represent other individuals in federal court, see 28 U.S.C. § 1654 . . . ." Vazquez v. Fed. Bureau of Prisons, 999 F. Supp. 2d 174, 177 (D.D.C. 2013) (citing cases). "[I]t is generally not an abuse of discretion for a district court to deny a motion for class certification on the ground that a pro se litigant is not an adequate class representative." Howard v. Pollard, 814 F.3d 476, 478 (7th Cir. 2015) (emphasis in original).

Only Mr. Mugimu has signed the petition, and he is not an attorney admitted to the Bar of this court. One of the remaining members of the putative class, Delroy McPherson, is presently litigating his own § 2241 petition, seeking release or a bond hearing. See McPherson v. ICE, No. 23-cv-241-JL-AJ (D.N.H.). The record before this court does not suggest that Mr. Mugimu can adequately represent the interests of any other detainee. Accordingly, the district judge should deny the request for class certification without prejudice to any person's ability to file

3

his or her own § 2241 petition,[2] and without prejudice to the group of detainees seeking class certification through a motion filed by an attorney appearing on their behalf.

## Conclusion

For the foregoing reasons, the district judge should deny the request for class certification, without prejudice. Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion. Failure to file objections within the specified time waives the right to appeal the district court's order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

_____
Andrea K. Johnstone
United States Magistrate Judge

March 28, 2024

cc: Davis Willis Mugimu, pro se

---

[2] Petitioner does not appear to intend to litigate this petition as a "next friend" of any other detainee, as he seeks relief on his own behalf. Cf. 28 U.S.C. § 2242; Whitmore v. Arkansas, 495 U.S. 149, 163 (1990). Moreover, he has not provided any explanation "such as inaccessibility, mental incompetence, or other disability" why any of the listed detainees "cannot appear on his own behalf to prosecute the action." Id. at 163.

4